Mabtif, J.
delivered the opinion of the court. [525]
This case is before us on a rehearing. The defendants and appellees complain that this court erred in rejecting their application for dismissal of the appeal. They urge that a nonsuit is a discontinuance of the action, or at least a judgment granted on the solicitation of the plaintiff, who cannot seek relief at our hands when he has voluntarily discontinued his action, or obtained the judgment he asked for.
In the present case, the plaintiff neither discontinued his action nor prayed for a nonsuit. On the suggestion of the court he submitted to a nonsuit, and waived his right to resist it and insist on a verdict, on a tender allowing him the faculty to have the nonsuit set aside. This faculty is often given at nisi prius to prevent delay in the trial of cases, and afford to counsel time to prepare their arguments and collect their authorities. If, on the hearing of a motion to set aside the nonsuit, the party believes that he is injured by the decision of the court, nothing prevents him from seeking relief by an appeal.
It does not appear to us that we can act on the merits of the case, as requested by the counsel of the defendants.
It appears from the facts disclosed in this case that Maurice Elfert died intestate in the parish of Assumption, in May, 1828, leaving a widow and two minor children; that she was confirmed as the natural tutrix of the minors, and the community property, among which were six slaves and a tract of land on Bayou Lafourche, adjudicated to her and affected by a mortgage in favor of the minors for their portion; that the petitioner obtained a judgment in October, 1834, in the probate court of that parish, against the widow as tutrix of her minor children; that in 1835 a fieri facias issued, and the mortgage in favor of the minors was seized and sold to the plaintiff, and a sheriff’s deed made to him accordingly; that the slaves are now in possession of the defendants, who refuse to abandon them or pay the amount of the mortgage; that the widow sold them to Coulon Jumonville subject to [526] the minors’ mortgage: that Jumonville became insolvent and surrendered *318 them to his creditors ; that they were sold at public auction to one Folse, the syndic having caused all mortgages on them to be cancelled and annulled; that the proceeds of the sale were placed on the tableau to the credit of the minors, and paid over, as is asserted by the defendants and not denied by the plaintiff, to the tutrix and mother of the minors ; that in virtue of a judgment obtained in the United States court at the suit of Oamille Castagné against Folse, the slaves were seized and sold to the defendants. ,
At the trial of the cause, the following judgment was rendered by the court below:
“ After hearing, testimony, on the suggestion of the court the plaintiff submitted to a nonsuit, with leave to said plaintiff to set the same aside; whereupon it is ordered by the court that the jury sworn in this case be discharged from the further consideration of the same.”
Among the reasons assigned by the district judge for refusing to set aside the nonsuit, he was of opinion that the syndic of the creditors of Jumonville had authority to raise the mortgage of the minors, under the 31st section of the law of 1817, 2 Moreau’s Digest, 433, which provides that “the syndics, for the purpose of effecting the sale of the property assigned, shall even he authorized to give a release of the mortgages which may exist on said property in favor of any of the creditors; provided they require the other securities which may have been prescribed by the mass of the creditors; and provided, also, that they keep in their hands the proceeds of said property, subject to the same rights in favor of the said mortgage creditors, which they had on the property itself, on which their mortgages existed.”
It does not appear to us that the minors of Elfert are. creditors of the insolvent, within the meaning of this law. Their rights of mortgage arose before the property passed into his hands; they are not parties to thé concurso, [527] nor has the syndic any authority to act for them as their mandatory. Being of opinion that the court erred on this point, and that the cause must be sent back for further proceedings, it becomes unnecessary to notice any other question raised by the parties.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; that the nonsuit be set aside, and the cause be reinstated and remanded for further proceedings, according to law; the appellees paying the costs of this appeal.