Morphy, J.
The present suit was preceded by two others brought for the same cause of action. The first was a personal action against the defendant, begun in the Parish Court, No. *439 15,086. The trial had proceeded for some time, and a good deal of testimony had been taken, when the plaintiff discontinued, and immediately instituted a new suit in the Commercial Court. This last suit was dismissed on a plea to the jurisdiction of the court, which was sustained by this tribunal. 2 Robinson, 346. The plaintiff then brought the present action, the facts of which are fully stated and' may be seen in the report of the case brought up from' the Commercial Court. It differs from the first suit, which was discontinued, only in this, that the defendant is now sued in two distinct capacities, to wit, as syndic of the creditors of Huberson, for the recovery of the goods and merchandize claimed by the plantiff, or their value, and, individually for damages ; and that he is charged in the present suit, with having procured by fraud and perjury the surrender of Huberson, and his own appointment as syndic. On the trial of the cause, three bills of exceptions were taken by the plaintiff, who instead of submitting his case to the jury on what evidence had been received, moved the court for a nonsuit, with leave to set it aside, and from the refusal of the Judge to set aside the nonsuit and grant a new trial, the pres.ent appeal was taken which, therefore, presents no other questions but those involved in the bills of exceptions. In the case of Foley v. Dufour et al., we had occasion to consider this mode of proceeding. It is a convenient way of bringing up for our decision incidental questions, without going into a trial on the merits of the case; and we held, that if on a hearing of the motion to set aside the nonsuit, the party believes himself aggrieved by the decision of the court, nothing prevents him from seeking relief by an appeal. 17 La. 521.
I. The plaintiff’s first bill of exceptions was to the rejection of the deposition of one Jb\ Goursac, (in Europe at the time of the trial,) which had been taken under a commission in a suit of Barbancey, Syndic, v. J. & L. Garnier. The bill of exceptions states, that this testimony was given in evidence, both in the last mentioned suit in which the commission had issued, and in the former suit of Clossman v. Barbancey, No. 15,086; that the two cases were tried together, under an agreement of counsel that all the testimony taken should be used in both cases as if taken in each of them, with the exception of such testimony or documents as should be mentioned as relating to one case only; *440 that under this consent the testimony was received, and was marked by the clerk as having been received in both c.ases ; and that the issue in the former suit, No. 15,086, is the same as that presented in the one on trial. But the testimony was excluded on the ground, that Goursac’s deposition was taken under a commission issued in the suit of Barbancey, Syndic, v. J. & L. Garnier, and not in that of Clossman v. Barbancey, which suit was discontinued, and that the said deposition was introduced on the trial of the case thus discontinued, only because that case was tried together with the other; and also on the ground, that in the former suit of Clossman v. Barbancey, the defendant was sued in his individual capacity only, while he is now sued both in his individual capacity and as syndic of the creditors of Huberson. It does not appear from the transcript before us, that the commission under which Goursac’s testimony was taken,, was marked as having been given in evidence in both suits, as stated in the bill of exceptions ; but on examining the pleadings in the suit of Barbancey, Syndic, v. J. & L. Garnier, which are annexed to the bill of exceptions, it appears, that the matters in dispute were partly the same in both suits, and that J. & L. Garnier, who were personally sued, rested their defence on the ground that they were only the agents of Clossman, and adopted as a part of their answer all the allegations and averments of their principal Clossman, in his suit against Barbancey, No. 15,086, thus making analogous issues in both suits, which the parties afterwards agreed to try together. The rule applicable to cases of this sort, is thus laid down in Greenleaf’s Treatise on Evidence, p. 589 : “ With respect to depositions, complete mutuality ■or identity of all the parties is not required. It is generally sufficient, if the matters in issue were the same in both cases, and the party against whom the deposition is offered had full power to cross-examine the witness.” The deposition in question comes, we think, within the above rule, which appears to us a reasonable one, and it should have been admitted.
II. The second bill of exceptions was taken to the refusal of the Judge to permit the plaintiff to give in evidence certain proceedings had on a rule he had taken against the defendant, to remove him from his office of syndic, and make him pay twenty *441 per cent damages, on the ground that he had not deposited the funds of the estate in bank. The Judge, in our opinion, did not err. Admitting that the evidence offered was not irrelevant under the pleadings, it was not shown that the witnesses heard on the rule were absent, or could not be procured. The proceedings were, moreover, posterior to the institution of this suit, had been' instituted by the' plaintiff himself, and the rule was yet under advisement.
III. The third bill of exceptions was to the opinion of the Judge excluding a deposition given by the defendant Theophile Barbancey himself in open court, on the trial of the two cases of Barbancey, Syndic, v. J. & L. Garnier, and Clossman v. Barbancey, under the consent entered into by the parties. The reason given by the Judge was, that Barbancey was a party to the suit in which his testimony was taken, only as syndic, and that he is a party to the present suit in a double capacity, to wit, individually and as syndic. The Judge, in our opinion, erred. It is clear, that extra-judicial statements of Barbancey would have been good evidence in support of the personal demand made against him in this suit. If so, his testimony taken in open court in the suit of Barbancey, Syndic, v. J. & L. Garnier, should, a fortiori, be received. How far it is to affect those whom he represents in this case as syndic, is another question, which goes more to the effect, than to the admissibility of the testimony.
It is, therefore, ordered, that the judgment of the Parish Court be reversed, the nonsuit set aside, and the case remanded for further proceedings below, with instructions to the Judge of that court, not to exclude the depositions of Goursac and T. Barbancey. The appellee to pay the costs of this .appeal.